■ JEANNE CONTE, an Infant, by MARY L. CONTE, Her Natural Parent, et al., Respondents, et al., Plaintiffs, v. FRANK A. BELL et al., Appellants.— In consolidated negligence actions to recover damages for personal injuries, etc., defendants appeal from two orders of the Supreme Court, Westchester County, dated June 19, 1969 and December 9, 1969, respectively, the first granting the motion of plaintiffs Conte and Delzio for summary judgment and for an assessment of damages, and the second denying defendants' motion to renew said motion for summary judgment. Orders reversed, without costs; defendants' motion granted; and said plaintiffs' motion for summary judgment denied. In our opinion, issues of fact were effectively raised which require a trial. The Conte, Delzio and Matts infant plaintiffs were passengers in an automobile operated by defendant Frank Bell and owned by the other two defendants. Defendants contend that the defendant driver was driving carefully and that his failure to stop at a stop sign located at the intersection in question was due to the unexpected failure of the brakes. At the intersection, one must make a right or left turn. The automobile swerved to the right, but nevertheless hit a retaining wall, injuring the infant plaintiffs. Viewing the evidence in the light most favorable to defendants, we are of the opinion that summary judgment was improperly granted and that issues of fact were raised requiring a trial (*Falk* v. *Goodman*, 7 N Y 2d 87; *Cohen* v. *Crimenti*, 24 A D 2d 587). In addition, it was error for Special Term to consider among the motion papers evidence of the suspension of defendant Frank Bell's license arising out of this accident. (*Tryon* v. *Willbank*, 234 App. Div. 335; *Walther* v. *News Syndicate Co.*, 276 App. Div. 169; *Montalvo* v. *Morales*, 18 A D 2d 20.) Rabin, Acting P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.